UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



ALBERT P.,[1]

                Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

                Defendant.

20-CV-6006 (JLS)

## DECISION AND ORDER

Plaintiff Albert P. commenced this action under the Social Security Act, seeking review of the Commissioner of Social Security's determination that he was not disabled. Dkt. 1. Plaintiff moved for judgment on the pleadings, as did the Commissioner. Dkts. 17, 21. Plaintiff also filed a reply. Dkt. 22. For the reasons below, the Court grants the Commissioner's motion and denies Plaintiff's motion.

## PROCEDURAL HISTORY

On October 5, 2015, Plaintiff applied for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"), alleging disability since June 3, 2015. Dkt. 13, at 31.[2] Plaintiff's applications were denied initially on December 22,

---

[1] Pursuant to the Western District of New York's November 18, 2020 Standing Order regarding the naming of plaintiffs in Social Security decisions, this decision and order identifies Plaintiff by first name and last initial.

[2] Dkt. 13 is the transcript of proceedings before the Social Security Administration. All further references are denoted "Tr. _.

2015. Tr. 31. Plaintiff then requested a hearing before an administrative law judge ("ALJ"), which occurred on January 24, 2017. *Id.* The ALJ issued a decision on June 22, 2017, confirming the conclusion that Plaintiff was not disabled under the Social Security Act. *Id.* at 43. The Appeals Council denied Plaintiff's request for review, making the Commissioner's decision final. *Id.* at 4. Plaintiff then commenced this action, seeking judicial review of the Commissioner's decision. Dkt. 1.

## LEGAL STANDARDS

### I. District Court Review

The scope of review of a disability determination involves two levels of inquiry. *See Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987). First, the Court must "decide whether [the Commissioner] applied the correct legal principles in making the determination." *Id.* The Court's review for legal error ensures "that the claimant has had a full hearing under the . . . regulations and in accordance with the beneficent purposes" of the Social Security Act. *See Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quoting *Cruz v. Sullivan*, 912 F.2d 8, 11 (2d Cir. 1990)). Second, the Court "decide[s] whether the determination is supported by 'substantial evidence.'" *Johnson*, 817 F.2d at 985 (quoting 42 U.S.C. § 405(g)).

"Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotations and citation omitted). The Court does not "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (internal

2

quotations and citation omitted). But "the deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003). Indeed, if there is "a reasonable basis for doubt whether the ALJ applied correct legal principles," applying the substantial evidence standard to uphold a finding that the claimant was not disabled "creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles." *See Johnson*, 817 F.2d at 986.

## II. Disability Determination

An ALJ evaluates disability claims through a five-step process established by the Social Security Administration to determine if a claimant is disabled. *See* 20 C.F.R. § 404.1520(a). At step one, the ALJ determines whether the claimant is currently engaged in substantial gainful activity. *Id.* § 404.1520(a)(4)(i). If so, the claimant is not disabled. *Id.* If not, the ALJ proceeds to step two. *Id.* § 404.1520(a)(4).

At step two, the ALJ decides whether the claimant suffers from any severe impairments. *Id.* § 404.1520(a)(4)(ii). If there are no severe impairments, the claimant is not disabled. *Id.* If the claimant does have any severe impairments, the ALJ proceeds to step three. *Id.* § 404.1520(a)(4).

At step three, the ALJ determines whether any severe impairment or combination of impairments meets or equals an impairment listed in the regulations. *Id.* § 404.1520(a)(4)(iii). If the claimant's severe impairment or

3

combination of impairments meets or equals an impairment listed in the regulations and meets the duration requirement, the claimant is disabled. *Id.* §§ 404.1520(a)(4)(iii), (d).

But if the ALJ finds that no severe impairment or combination of impairments meets or equals an impairment in the regulations, the ALJ proceeds to calculate the claimant's residual functional capacity ("RFC"). *Id.* §§ 404.1520(a)(4)(iv), (e). The RFC is a holistic assessment that addresses the claimant's medical impairments—both severe and non-severe—and evaluates the claimant's ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for his or her collective impairments. *See id.* §§ 404.1520(e), 404.1545.

The ALJ then proceeds to step four and uses the claimant's RFC to determine whether the claimant can perform past relevant work. *Id.* §§ 404.1520(a)(4)(iv), (e). If the claimant can perform past relevant work, he or she is not disabled, and the analysis ends. *Id.* §§ 404.1520(a)(4)(iv), (f). But if the claimant cannot, the ALJ proceeds to step five. *Id.* §§ 404.1520(a), (f).

In the fifth and final step, the Commissioner must present evidence showing that the claimant is not disabled because the claimant is physically and mentally capable of adjusting to an alternative job. *See Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982); 20 C.F.R. §§ 404.1520(a)(4)(v), (g). Specifically, the Commissioner must prove the claimant "retains a residual functional capacity to perform

4

alternative substantial gainful work which exists in the national economy." *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (internal quotations and citation omitted).

## DISCUSSION

### I. The ALJ's Decision

The ALJ evaluated Plaintiff's claim for benefits under the process discussed above. *See* Tr. 33-43. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date. *Id.* at 33. At step two, the ALJ determined that Plaintiff had a severe impairment: lumbar degenerative disc disease. *Id.* at 33-35. At step three, the ALJ concluded that Plaintiff's impairment did not meet or medically equal the severity of the impairments listed in the regulation. *Id.* at 35-36. The ALJ then determined Plaintiff's RFC:

> [T]he claimant has a residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except: occasional climb ramps or stairs; occasional climb ladders, ropes, or scaffolds; occasional balance, stoop, crouch, kneel, crawl; frequent handling objects, that is gross manipulation with both hands; frequent fingering objects, that is fine manipulation with both hands; alternate between sitting and standing 20 minutes sitting and then standing for 30 minutes.

*Id.* at 36.

At step four, the ALJ determined that Plaintiff is unable to perform any past relevant work. *Id.* at 41. And at step five, considering Plaintiff's age, education, work experience, and RFC, the ALJ relied on the testimony of a vocational expert to determine that jobs exist in significant numbers in the national economy that Plaintiff can perform. *Id.* at 41-43. These jobs include an assembler, an inspector, and an order clerk. *Id.* at 42. As a result, the ALJ concluded that Plaintiff was not

under a disability, as defined in the Social Security Act, from June 3, 2015, through the date of her decision. *Id.* at 43.

## II. Analysis

Plaintiff claims that the ALJ's RFC determination is flawed. *See* Dkt. 17-1, at 1. First, Plaintiff argues that the ALJ's RFC determination is not explained or supported by opinion evidence. *See id.* Second, Plaintiff argues that the ALJ based her RFC determination on her lay judgment and interpretation of raw medical data. *See id.*

The Court disagrees, and concludes that the ALJ's RFC finding was supported by substantial evidence, including opinion and other medical evidence. The ALJ considered the record as a whole and accounted for the inconsistencies in the record. And the ALJ did not rely on her own interpretation of the raw medical data but, rather, relied on the medical evidence in the record.

### A. The ALJ explained and supported her RFC determination with substantial evidence.

The ALJ determined that Plaintiff retained the residual functional capacity to perform sedentary work. Tr. 39. Plaintiff argues that the ALJ did not explain this finding or support it with opinion evidence. *See* Dkt. 17-1, at 1.

An ALJ need not recite every piece of evidence that supports her decision, so long as the record "permits [the reviewing court] to glean the rationale of an ALJ's decision." *Mongeur v. Heckler,* 722 F.2d 1033, 1040 (2d Cir. 1983). Where there is conflicting evidence in the record, it is within the discretion of the ALJ to consider such contradictions. *See Veino v. Barnhart,* 312 F.3d 578, 588 (2d Cir. 2002)

(explaining that it is within the province of the ALJ to resolve conflicting evidence between consultative examination findings and consultative physician's conclusions).

An ALJ may give less weight to a medical opinion that is inconsistent with the rest of the record. *See Michels v. Astrue,* 297 F. App'x 74, 76 (2d Cir. 2008) (holding that the ALJ could discredit physician's opinions in favor of a broader view of medical evidence, given the inconsistencies in the record); *see also Pellam v. Astrue,* 508 F. App'x 87, 90 (2d Cir. 2013) (noting that the ALJ need not accept a consultative examiner's opinion, especially where examiner's findings are inconsistent with contemporaneous medical records).

An ALJ's RFC determination need not perfectly correspond with opinion evidence, if it is consistent with the record as a whole. *See Matta v. Astrue,* 508 F. App'x 53, 56 (2d Cir. 2013). Indeed, where the record contains sufficient evidence to assess a claimant's RFC, an ALJ need not rely on opinion evidence at all. *See Cook v. Comm'r of Soc. Sec.*, 818 F. App'x 108, 109-10 (2d Cir. 2020) ("Although there was no medical opinion providing the specific restrictions reflected in the ALJ's RFC determination, such evidence is not required when the record contains sufficient evidence from which an ALJ can assess the claimant's residual functional capacity.") (internal quotations omitted) (quoting *Tankisi v. Comm'r of Soc. Sec.*, 521 F. App'x 29, 34 (2d Cir. 2013)).

Here, the ALJ addressed the inconsistencies between the consulting physician's examination findings, the consulting physician's opinion, and the

remaining medical evidence in the record. *See* Tr. 40. The ALJ determined that Plaintiff has moderate—rather than marked—limitations in certain movements because the abnormal findings were not consistent throughout the record. *See id.* Specifically, the consultative examination suggested that Plaintiff had a "full range of motion in the shoulders, elbows, forearms, and wrists," which conflicted with the examiner's opinion that Plaintiff had "moderate to marked limitations" in pushing, pulling, lifting, and carrying. *See id.* Accordingly, the ALJ gave only partial weight to the consulting examiner's opinion.

Plaintiff argues that the ALJ erred by disregarding the consulting examiner's opinion when determining Plaintiff's RFC. *See* Dkt. 17-1, at 10-11. But the ALJ did not overlook or ignore the opinion evidence when she assigned partial weight to the consulting physician's opinion. Instead, the ALJ assigned partial weight to the medical opinion because it was inconsistent with the rest of the record.

Plaintiff argues that the ALJ accounted only for normal examination findings, which "invalidated" or "negated" the abnormal findings. *See* Dkt. 22, at 2; Dkt 17-1, at 11. Plaintiff relies on *York v. Commissioner of Social Security*, 357 F. Supp. 3d 259 (W.D.N.Y. 2019), where the court held that remand may be appropriate where an ALJ makes no effort to acknowledge or reconcile conflicting evidence. *York*, 357 F. Supp. 3d at 261; *see* Dkt. 22, at 2.

But here, the ALJ accounted for the inconsistent findings in the record. Specifically, the ALJ accounted for Plaintiff's testimony that he must constantly

shift positions from sitting to standing, the consultative physician's findings, and the findings from additional examinations. *See* Tr. 39.

For example, the ALJ accounted for Plaintiff's use of a cane and additional examinations revealing that Plaintiff presented in mild pain. *Id.* But the ALJ also considered that, during certain emergency department visits, Plaintiff could walk on his toes, get out of a chair, and get onto the examination table without difficulty. *Id.* at 39-40. The most recent examination in the record noted that physical therapy would be helpful for Plaintiff's condition, suggesting that Plaintiff's examiners believed Plaintiff's symptoms could improve. *Id.* at 40.

In sum, the ALJ considered all the medical evidence and reconciled the contradictions within record, including giving the consulting examiner's opinion partial weight. Where, as here, substantial evidence exists to support both the claimant's position and the ALJ's adverse decision, the ALJ's finding must be upheld. *See DeChirico v. Callahan,* 134 F.3d 1177, 1182-83 (2d Cir. 1998); *see also McIntyre v. Colvin,* 758 F.3d 146, 149 (2d Cir. 2014) ("[I]f evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld."); *Schaal,* 134 F.3d at 504 (holding that it is not for the court to weigh conflicting evidence).

## B. The ALJ's RFC determination is based on medical evidence in the record, not on her own lay interpretation of raw medical data.

Plaintiff argues that the ALJ based her RFC determination on her own lay judgment and interpretation of the raw medical data. *See* Dkt. 17-1, at 10.

An ALJ may not substitute her lay judgment for a reliable medical opinion. *See Ramsey*, 830 F. App'x at 39. But it is the responsibility of the ALJ—not a medical source—to determine a claimant's RFC. *Id.* Where the record includes an assessment of the claimant's limitations, the record need not contain formal opinions regarding the claimant's RFC. *See Tankisi*, 521 F. App'x at 34 (holding that the medical record was sufficient to determine claimant's RFC, even though the record did not contain formal opinions on claimant's RFC). Moreover, an ALJ may properly summarize medical notes and discount portions of medical opinions, so long as the ALJ provides sufficient reasons for doing so. *See Ramsey*, 830 F. App'x at 39 (holding that the ALJ did not forge his own medical opinions based on raw data but, rather, summarized the medical evidence and provided sufficient reasons for discrediting portions of the record).

Here, the ALJ based her RFC finding on treatment notes and examination findings from Plaintiffs' visits to the emergency department. *See* Tr. 40. The medical notes contain findings of Plaintiff's impairments and limitations, including one instance where Plaintiff used a cane and appeared to have trouble rising from a chair, changing for the medical examinations, and getting on and off the examination table. *Id.* at 39. The ALJ also considered notes from other visits, where Plaintiff had a stable, non-antalgic gait, full range of motion in his shoulders,

elbows, forearms, and wrists, could walk on his toes, and could get out of a chair and onto the examination table without difficulty. *Id.*

In addition, the ALJ considered Plaintiff's testimony regarding his limitations—specifically, that he must constantly shift positions from sitting to standing, and that standing in one place helps control his pain. *Id.* The ALJ did not interpret raw medical data into functional terms, but synthesized notes in the record that assessed Plaintiff's limitations. Because the record contains sufficient medical evidence regarding Plaintiff's limitations and capabilities, the ALJ did not err in evaluating the medical record to determine Plaintiff's RFC.

Alternatively, Plaintiff claims that the medical opinion evidence was too vague for the ALJ to rely on in determining Plaintiff's RFC. *See* Dkt. 17-1, at 15. The Court disagrees. An ALJ may consider opinion evidence and other medical evidence collectively to make a reasonable inference regarding an RFC finding. *See, e.g., Tankisi*, 521 F. App'x at 34 (determining that the examiner's opinion was not too vague or incomplete because the opinion—considered with other medical evidence—was sufficient for ALJ to reach a reasonable RFC finding). It is sufficient for an examiner's opinion to describe a claimant's condition as mild to moderate, with additional clarifying information, if the opinion is consistent with the rest of the record. *See id.* (noting that the physician did not only describe the claimant's condition as mild to moderate, but described the limitations as mild to moderate for sitting for a long time, pushing, pulling, and heavy lifting, along with other specific limitations).

11

Here, the opinion evidence described Plaintiff's condition as "moderate to marked limitations walking, climbing, pushing, pulling, lifting, carrying, prolonged sitting, and prolonged standing due to chronic low back pain." Tr. 40. Considered together with other medical evidence in the record, this medical opinion was not too vague for the ALJ to rely on in determining Plaintiff's RFC. The ALJ appropriately considered, and gave partial weight to, the opinion evidence to the extent the opinion evidence was consistent with other medical evidence. *See* Tr. 40. Thus, remand is not appropriate.

## CONCLUSION

For these reasons, the Court GRANTS Commissioner's motion for judgment on the pleadings and DENIES Plaintiff's motion for judgment on the pleadings. The Commissioner's decision is AFFIRMED. The Clerk of the Court shall close this case.

SO ORDERED.

Dated: July 8, 2021
Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE